UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ROCKY L. YOUNG, on behalf of himself and those similarly situated. | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 4:18-cv-49 |
| v. | : : | **CLASS ACTION &** |
| CONVERGENT OUTSOURCING, INC., | : : | **JURY DEMANDED** |
| Defendant. | : : | |

# COMPLAINT

## I. INTRODUCTION

1. This is a case about a class of consumers who have been deceptively targeted for debt that is not legally enforceable without any notice that any payment on the debt would strip the consumers of their iron-clad defense that the debts are barred by the applicable statute of limitations.

2. This is a case about a man who has been subjected to unfair tactics by a collection company.

3. This is a civil action seeking actual damages, statutory damages, attorneys' fees, and costs, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA").

4. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

5. The FDCPA applies to the collection of debt(s) incurred by a consumer primarily for personal, family, or household purposes.

6. Defendant is CONVERGENT OUTSOURCING, LLC (hereinafter "CONVERGENT").

1

## II. JURISDICTION

7. This action is to enforce liability created by the FDCPA.

8. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

9. This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

10. Jurisdiction of this court arises under 28 U.S.C. § 1337.

## III. VENUE

11. CONVERGENT regularly transacts business in this judicial district.

12. CONVERGENT is subject to the personal jurisdiction of this Court.

13. CONVERGENT resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

15. A substantial part of the events giving rise to this claim occurred in this judicial district.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff ROCKY L. YOUNG ("Mr. Young")

17. ROCKY L. YOUNG ("Mr. Young") is a natural person.

18. Mr. Young is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Mr. Young is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. Mr. Young allegedly incurred a debt with Sprint.

21. Mr. Young never owned or operated any business before the year 2012, so any obligation that he would have, which was incurred prior to the year 2012, to pay money would have

arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

### Defendant CONVERGENT OUTSOURCING, LLC ("CONVERGENT")

22. CONVERGENT is a limited liability company organized and existing under the laws of the State of Washington.

23. CONVERGENT is registered with the Washington Secretary of State under UBI Number 603 319 184.

24. CONVERGENT'S place of business is located at 800 SW 39th Street, Renton, Washington.

25. CONVERGENT'S registered agent for service of process is C T Corporation System, 711 CAPITOL WAY S STE 204, OLYMPIA, WA, 98501.

26. At all times relevant to this action, CONVERGENT employees were agents acting on behalf of CONVERGENT.

27. CONVERGENT is a debt collection company that contacts consumers in an attempt to collect consumer debt.

28. CONVERGENT attempts to collect debt on behalf of Sprint.

29. CONVERGENT maintains a website at https://www.convergentusa.com/outsourcing/.

30. CONVERGENT is engaged in the business of collecting debt within multiple states.

31. CONVERGENT is engaged in the business of collecting debt within the State of Indiana.

32. CONVERGENT is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

33. CONVERGENT regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

34. CONVERGENT is engaged in the collection of debts from consumers using the mail.

35. CONVERGENT is engaged in the collection of debts from consumers using the telephone.

36. CONVERGENT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### V.    FACTUAL ALLEGATIONS

37. CONVERGENT attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

<u>July 20, 2017 Letter</u>

38. On or about July 20, 2017, Convergent mailed a letter to Mr. Young (the "July 20 Letter").

39. The July 20 Letter was an attempt to collect a debt.

40. The July 20 Letter failed to apprise Mr. Young that the debt was not legally enforceable.

41. The July 20 Letter failed to notify Mr. Young that any payment made on the debt would deprive him of his defense that the debt was past the applicable statute of limitations.

<u>September 24, 2017 Letter</u>

42. On or about September 24, 2017, Mr. Young mailed a written letter (the "September 24 Letter") to CONVERGENT disputing an alleged debt to Sprint.

43. Sprint is a carrier as defined by 47 U.S.C. § 153(11).

44. The applicable statute of limitations for the Sprint debt is two years.

45. All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun, within two years from the time the cause of action accrues, and not after. 47 U.S.C.S. § 415(a).

46. The September 24 Letter notified CONVERGENT that Mr. Young disputed the alleged debt.

47. The September 24 Letter instructed CONVERGENT to cease communication with Mr. Young except to verify the debt.

4

48. CONVERGENT received the September 24 Letter.

### October 4, 2017 Letter

49. On or about October 4, 2017, CONVERGENT sent a letter (the "October 4" Letter) to Mr. Young.

50. CONVERGENT's October 4 Letter states that the debt is valid.

51. As purported validation of the debt, CONVERGENT attaches a Sprint bill dated December 23, 2011.

52. CONVERGENT does not have reasonable procedures in place that are reasonable adapted to avoid violation of the FDCPA.

53. At all relevant times in this action, CONVERGENT employees were acting as agents on behalf of CONVERGENT.

54. CONVERGENT uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

55. CONVERGENT, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

56. CONVERGENT attempted to collect a debt that Plaintiff did not owe.

57. CONVERGENT falsely represented the character, amount, or legal status of a debt.

58. CONVERGENT falsely represented the legal status of a debt.

59. CONVERGENT attempted to collect an alleged debt that was incurred for personal, family, or household use.

60. CONVERGENT attempted to collect a debt that was incurred for personal use.

61. CONVERGENT made one or more false representations to obtain information concerning Plaintiff.

62. CONVERGENT attempted to collect an amount of money from Plaintiff that is not permitted by law.

63. CONVERGENT'S action concerning Mr. Young have caused damages, including not by way of limitation: costs of sending one or more letters and Mr. Young's time.

64. CONVERGENT'S communications with Mr. Young caused Mr. Young anxiety and stress.

65. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Young.

**CLASS ACTION ALLEGATIONS**

66. Plaintiff re-alleges and incorporates herein by reference all of the foregoing allegations.

67. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class"). Plaintiff, and those individuals who would comprise the anticipated class, can satisfy the pre-requisites of Fed. R. Civ. P. 23(a-b).

68. Plaintiff represents, and is a member of the Class, consisting of all persons within the State of Indiana who, within one year prior to filing this action, have been contacted by CONVERGENT concerning an obligation to pay money to Sprint after two years in time had passed since the date the obligation was initially owed, without CONVERGENT disclosing that the debt was not legally enforceable.

69. Plaintiff represents, and is a member of the Class, consisting of all persons within the State of Indiana who, within one year prior to filing this action, have been sent a letter by CONVERGENT concerning an obligation to pay money to Sprint after two years in time had passed since the date the obligation was initially owed, without CONVERGENT

disclosing that any payment on the debt would strip the consumer of its statute of limitation defense.

70. By virtue of these assertions, the possibility of inconsistent or varying adjudications with respect to individual class members can occur.

71. Specifically, based on the notices given to respective class members, and in hopes to handle lingering debt issues, class members would be induced into paying the aforementioned debts after they are not legally enforceable.

72. Defendant and its employees or agents are excluded from the Class.

73. On information and belief, members of the Class exceed 50 members. The precise number of Class members and their identities are unknown to Plaintiff at this time but are readily determinable in CONVERGENT's records through discovery.

74. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in expeditious litigation of this matter.

75. The estimated size of this class is so numerous that joinder of all members would be impracticable and potentially cost prohibitive.

76. The question of law in this case and the factual allegations asserted herein would be common to all class members.

77. The claims and defenses of all classes are typical to the matter contained in this cause of action.

78. Undersigned counsel, as well as the Plaintiff, will fairly and adequately protect the interests of this class. Counsel has the resources, expertise, and experience to prosecute this action.

79. Plaintiff and members of the class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent, collected or attempted to

collect debts that were barred by the statute of limitations which any payment of same would toll the applicable statute of limitations rendering the debts collectable again, in direct violation of the FDCPA. Plaintiff and the class members were damaged thereby.

80. This suit seeks actual, compensatory, and statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

81. The joinder of class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

82. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within one year prior to the filing of this action, Defendant has contacted the Class members in an attempt to collect debt from Sprint after two years in time had passed since the date the obligation was initially owed without CONVERGENT disclosing that the debt was not legally enforceable.

b. Whether, within one year prior to the filing of this action, Defendant has contacted the Class members in an attempt to collect debt from Sprint two years in time had passed since the date the obligation was initially owed without CONVERGENT disclosing that any payment on the debt would strip the member of its statute of limitation defense.

83. As persons who received at the aforementioned statements and communications from Defendant seeking to collect debts, Plaintiff is asserting claims that are typical of this class.

During the one-year period prior to the filing of this Complaint, Defendant was engaged in a pattern and practice of contacting members of the class in connection with a debt, via written statements and phone calls, and charged or sought to charge amounts they were not entitled.

84. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

85. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

86. Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices Act.

87. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to FDCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

88. As Plaintiff, and on behalf of the class, has requested injunctive relief to bar Defendants from attempts to collect time-barred debts in the manner contained by these allegations, and subject to further discovery Defendants have continued or will continue to collect debts in

the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

## VIOLATIONS OF THE FDCPA AS TO PLAINTIFF ROCKY L. YOUNG

### VI.   COUNT III – VIOLATION OF 15 U.S.C. 1692e

89. Mr. Young incorporates herein by reference all of the foregoing paragraphs in full herein.

90. CONVERGENT violated the FDCPA by using misleading representations in an attempt to collect a debt.

91. CONVERGENT violated the FDCPA by using false representations in an attempt to collect a debt.

92. CONVERGENT violated the FDCPA by using deceptive means in an attempt to collect a debt.

93. CONVERGENT falsely represented the amount of debt Mr. Young owed.

### VII.   REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff ROCKY L. YOUNG respectfully requests that this Honorable Court enter judgment in favor of Plaintiff ROCKY L. YOUNG and against Defendant CONVERGENT OUTSOURCING, LLC as follows:

A.   Declaratory judgment that CONVERGENT OUTSOURCING, LLC violated the FDCPA;

B.   Actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof at trial or judgment otherwise;

C.   $1,000.00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.   Costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.   For all such other and further relief as the Court may deem just and proper.

## VIII. JURY DEMAND

Mr. Young, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

Dated: Lafayette, Indiana
July 13, 2018

Respectfully submitted,
/s/ *Duran L. Keller*
Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff*

By: s/ Wedad Ibrahim
Wedad Ibrahim (P81970)
LYNGKLIP & ASSOCIATES,
CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
WedadI@MichiganConsumerLaw.Com
Attorney for Plaintiff